UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALK HAYDEL & ASSOCIATES,                    CIVIL ACTION
INC.

VERSUS                                       NO: 05-1618

COASTAL POWER & PRODUCTION                   SECTION: "A" (4)
CO., ET AL.

## ORDER

Before the Court is a **Motion for Rule 11 Sanctions (Rec. Doc. 67)** filed by Winston & Strawn, LLP ("W & S").  Latin American Energy Development, Inc. d/b/a Delasa ("Delasa") opposes the motion.  The motion, set for hearing on April 19, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is DENIED.

## I.   BACKGROUND

In early 1994, co-developers and partners Delasa, La Casa Castro, UTDC, and IEC formed a joint venture to build a power plant in El Salvador.  Delasa claims that UTDC retained Paul Abramson, a partner with W & S, to represent the joint venture in the drafting of certain agreements between the parties.  (3d Party Demand ¶ 3).

UTDC was succeeded in the project by Trigen.  Trigen later withdrew from the joint venture and Tenneco joined the venture "step[ping] into Trigen's shoes."  (Id. ¶ 7).  Delasa asserts that Abramson suggested Tenneco as a substitute player and that he further failed to disclose to the joint venturers that he had a long-standing relationship with Tenneco.  (Id. ¶¶ 7 & 8).  According to Delasa, Tenneco had paid Abramson to find ways to further its reach into Latin American.  (Id. ¶ 8).

Delasa claims that all of the joint venturers were "technically being represented" by Abramson at a meeting in Houston, Texas when Tenneco was offered Trigen's position in the project, (Id. ¶ 11), and that Abramson continued to represent all parties as the negotiations for Trigen's withdrawal and Tenneco's entry continued.  Delasa asserts that Trigen only had a 75 percent stake in the venture and that the original partners intended for Tenneco to merely assume that 75 percent portion.  However, Delasa asserts that Tenneco later claimed 100 percent ownership of the project based upon a Release that Delasa had signed.  Allegedly, Abramson had prepared that Release and had assured Delasa that the document would not deprive Delasa of its interests in the project.  (Id. ¶ 23).  Delasa claims that Abramson had a fiduciary obligation to the joint venture and that Abramson breached that fiduciary duty or committed fraud.  (Id. ¶ 36).  Delasa claims that

2

W & S is liable for fraudulently orchestrating the denial of Delasa's interest in the project. (<u>Id.</u>).

## II. <u>DISCUSSION</u>

W & S moves for Rule 11 sanctions against Delasa and its counsel of record for repeated misrepresentations to the Court about the prior state court litigation and about W & S's involvement in that litigation. W & S contends that the calumny is contained in Delasa's Memorandum in Opposition to W & S's Objections to Rule 26 Initial Disclosures. Attorney John W. Houghtaling signed the memo. W & S argues that the allegation that W & S "hid facts and evidence" is an unsupported misrepresentation. W & S also complains that Delasa has accused it of making statements in this litigation that are contrary to the positions that it took in the prior state litigation. W & S points out that it was not a party to the state court litigation, and that Delasa has failed to point to any one specific inconsistency. W & S asks that the Court strike the offensive allegations from Delasa's memo and order Delasa and its counsel of record to pay a reasonable penalty to the Court as well as attorney's fees and expenses that W & S incurred as a result of the violation.

In opposition, Delasa argues that it has a good faith basis to claim that W & S hid facts and evidence from Delasa based upon evidence uncovered thus far. Delasa contends that its allegation

is based upon Paul Abramson's testimony that he represented Tenneco at the relevant time period, that he had been engaged to represent Delasa, and that he did not disclose his relationship with Tenneco to Delasa when he entered into negotiations that ultimately deprived Delasa of its interest in the power plant. Delasa points out that Abramson did not disclose his relationship with Tenneco until his July 2000 deposition and his failure to do so sooner was concealment of information that would have greatly shortened or narrowed the state court litigation.

Regarding the allegation that W & S made statements in this Court regarding jurisdiction that were directly contrary to those made in the state court litigation, Delasa explains that it was not implying that W & S made contradictory statements in the two forums. Rather, Delasa explains that it was trying to emphasize that W & S's jurisdictional arguments in this Court are contrary to the jurisdictional rulings made in the state court litigation.

In reply, W & S points out that the Abramson testimony that Delasa cites to was given in the New York federal court litigation, ESI, Inc. v. Coastal Corp, et al., not in the state court litigation. W & S also points out that John Wheelock, Delasa's principal, testified that he knew as early as March 1994 that Abramson represented Tenneco in relation to business in Latin America. Thus, according to W & S, Delasa's claim that W & S hid

4

information relating to the nature of its representation of Tenneco is a farce.

Federal Rule of Civil Procedure 11 imposes certain obligations on attorneys or parties who submit to the Court a pleading, written motion, or other paper containing *inter alia* factual contentions.  By presenting to the court a signed pleading, written motion, or other paper, an attorney is certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  Fed. R. Civ. P. 11(b)(3).  Rule 11 provides for an appropriate sanction when a violation occurs.  However, Rule 11 sanctions do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.  Id. § 11(d).

The Court has reviewed Document 53 in the record which is Delasa's Memorandum in Opposition to W & S's Objections to Rule 26 Initial Disclosures.  The Court is not persuaded that anything contained in this document rises to the level of a Rule 11 violation.  Delasa does not state or even imply that W & S took any position in state court that is contrary to a position taken before

this Court.  Delasa simply points out that W & S's position in this Court is contrary to factual and legal conclusions reached in the prior state court litigation which involved other parties.  This Court has repeatedly clarified that W & S is not estopped by those prior rulings but Delasa is free to point to those rulings as persuasive authority in this Court.

The allegation that W & S hid facts and evidence from the plaintiff is a statement not inconsistent with the factual allegations that form the basis of this lawsuit--allegations which the Court must for now assume as true.  As the Court understands the case, Delasa is not simply claiming that Abramson failed to inform Delasa that Tenneco was his client.  Rather, Delasa is making the more serious allegation that Abramson worked on behalf of Tenneco to actively deprive Delasa of its interest in the power plant--a task allegedly made easier because Delasa relied on Abramson as its own legal counsel.  In other words, this whole case is based on the allegation that W & S hid evidence and facts *from plaintiff*.

Delasa's statement that "**[f]or many years during this litigation**, Winston & Strawn has hid facts and evidence from the plaintiff . . .," (emphasis added), is misleading because it suggests that W & S hid facts and evidence in conjunction with some prior legal proceeding--whether in the capacity as a party,

witness, counsel, etc.  Perhaps Delasa meant to suggest that it was
in the dark during the years of the state court litigation as to
Abramson's alleged role in the power plant acquisition and that
Abramson, although he was not actively involved in that litigation,
took no steps to contact Delasa over the years to set the record
straight.[1]  Of course, W & S correctly points out that Delasa has
no evidence at this time to suggest any type of impropriety in that
vein and the Court is not aware of any specific role that W & S
played in any prior litigation.  Again, however, if  Delasa can
eventually prove its case then perhaps one could conclude that the
state court litigation against the other power plant partners would
have been narrowed.[2]

       In sum, the Court finds that no Rule 11 violation has occurred.

_____

       [1] Clearly, the Court is giving Delasa every benefit of the
doubt in an attempt to avoid sanctioning any party at this early
stage of the litigation.  The Court recognizes the serious nature
of the allegations against W & S and understands its reasons for
challenging those allegations.  However, the Court is no more
comfortable relying on the deposition excerpt of Wheelock to
sanction Delasa than it is relying upon Abramson's excerpt to
deny sanctions.  The personal jurisdiction issue remains pending
and discovery has been very limited thus far.  The Court is
simply not inclined to impose sanctions at this time.

       [2] No party mentioned the exclusion contained in Rule 11(d).
Rule 11(d) states that parts (a) through (c) of Rule 11 do not
apply to disclosures and discovery requests, responses,
objections, and motions that are subject to the provisions of
Rules 26 through 37.  The offending memo was a response to
objections filed under Rule 26.

Accordingly;

**IT IS ORDERED** that the **Motion for Rule 11 Sanctions (Rec. Doc. 67)** filed by Winston & Strawn, LLP should be and is hereby **DENIED**.


April 28, 2006

                                                   JAY C. ZAINEY
                         UNITED STATES DISTRICT JUDGE

8